**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
CORNELIUS SAVAGE*,*

                          Plaintiff,           Case No:  18-cv-04687-ENV-SMG

                v.

                                     **SETTLEMENT AGREEMENT**

FULTON ALE HOUSE LLC, and
1446 FULTON LLC,

                          Defendants,
--------------------------------------------------------------X

       **THIS  SETTLEMENT AGREEMENT** is by and between Plaintiff, Cornelius Savage ("Plaintiff"), and Defendants, Fulton Ale House LLC and 1446 Fulton LLC ("Defendants"), (collectively referred to as the "Parties").

       **IT IS HEREBY** agreed by and between the Parties as follows:

       **WHEREAS,** Plaintiff filed the action as captioned above against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("Title III" of the "ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36 App. A ("ADAAG"), in connection with the property located at 1446 Fulton St, Brooklyn, NY 11216 (the "Facility"). Pursuant to the above statutes, Plaintiff has sought injunctive relief, attorneys' and expert's fees, expenses and costs;

       **WHEREAS,** Defendants do not admit, and expressly deny, violation of any federal, state or local law, including the ADA and ADAAG, and any other wrongdoing or liability whatsoever;

       **WHEREAS,** the Parties have agreed to a settlement of this action as to all allegations in the Complaint, and all injunctive and monetary relief sought;

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regards to this action;

**WHEREAS,** it is the intent of the Parties to improve access to the Facility for persons with disabilities, as may be consistent with, and feasible under, the standards for accessible design contained in the ADA Accessibility Guidelines for Buildings and Facilities.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1.      **REPAIRS.** Defendant Fulton Ale House LLC shall maintain the following at the Facility within twelve (12) months as stated below:

    a. Defendant shall install and maintain a portable/retractable ramp system, including posted signage and a ring, at the entrance to the establishment.

    b. Defendant shall consult Brooklyn Center for Independence for the Disabled ("BICD") to determine whether increasing the maneuvering clearance at the entrance is recommended. If recommended, Defendant shall modify entrance door clearance if readily achievable.

    c. Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

    d. Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

e.  Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

f.  Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

g.  Defendant shall install and maintain post signage identify the restroom in compliance with ADAAG §216 et seq.

h.  Defendant shall consult BICD to determine if modification of the lavatory space in the restroom is recommended. If recommended, Defendant shall modify as recommended by BICD if it is readily achievable.

i.  Defendant shall consult BICD to determine if modifying the height of the lavatory is recommended; if recommended, Defendant shall adjust its height if it is readily achievable.

j.  Defendant shall adjust the height of the mirror in the restroom, including removing the vanity below the sink in compliance with ADAAG 603.3.

k.  Defendant shall consult BICD to determine whether modifying the position of the water closet in the restroom is recommended. If recommended, Defendant shall make readily achievable modifications as recommended by BICD.

l.  Defendant shall consult BICD to determine whether modifying the location of the paper dispenser is recommended. If recommended, Defendant shall adjust its location as recommended.

m.  Defendant shall replace and maintain a door knob at restroom door with one complaint with ADAAG 404.2.7.

3

n.  Defendant shall replace and maintain a door lock to the restroom in compliance with ADAAG 404.2.7.

2.  **PAYMENT.**  The amounts to be paid shall be established by separate binding agreement to be executed between the Plaintiff and Fulton Ale House LLC, which shall be a material part of Agreement, and enforceable thereas, and said amounts becoming due and payable pursuant to the terms of the Confidential Fee Agreement. The Parties agree that the sum of the attorneys' fees, litigation expenses, expert fees and costs shall be kept confidential by the Parties and if the Confidential Settlement Agreement has to be produced to anyone for whatever reason, the Parties agree that the sum shall remain confidential.

3.  **RELEASE.** Plaintiff, his heirs, executors, administrators, successors, and assigns (collectively "Releasor"), knowingly and voluntarily releases and forever discharges Defendants, Defendants' parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, directors, officers, employees, agents, attorneys, insurers, lessors of and lessees and mortgagors and mortgagees at the Facility, and members of Fulton Ale House LLC (including but not limited to Diana King and Jim Grimason) (collectively "Releasees"), from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Settlement Agreement, including, without limitation, any and all claims pursuant to Title III of the ADA and the ADAAG, and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, regarding the Facility, including claims that were asserted and those that could have been asserted, in the above-captioned action in connection with the Facility.

4.  **DISMISSAL.**  Within five (5) business days after Plaintiff's counsel's receipt of

4

Payment. Plaintiff's counsel shall file a notice of dismissal with prejudice of this action.

      **5.  ENTIRETY AND SEVERABILITY**. This Settlement Agreement constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.  If any provision of this Settlement Agreement or any part of any provision of this Settlement Agreement is found to be invalid or unenforceable by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Settlement Agreement.

      **6.  UNDERSTANDING AND EXECUTION**. The Parties have read and understand this Settlement Agreement, have had the opportunity to discuss it with legal counsel, and have voluntarily signed it and agree to be bound by it.  Each person executing this Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to its terms.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.  A photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

      **7.  APPLICABLE LAW/JURISDICTION.** The United States District Court for the Eastern District of New York shall retain jurisdiction to resolve any dispute regarding the rights, duties, obligations, and any other matters arising from this Agreement including its enforcement, which shall be governed by and interpreted in accordance with the laws of the State of New York without reference to conflicts of laws principles.  The prevailing party in any subsequent enforcement proceeding shall be entitled to that party's fees, costs and reasonable litigation expenses.

**8.   NON-DISPARAGEMENT**. The parties will not discuss or publish, or comment on in the media, the provisions of this agreement or otherwise disparage each other.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** the undersigned hereunto execute this agreement.

**CORNELIUS SAVAGE**                    **FULTON ALE HOUSE LLC**


By: _____          By: _____
BARDUCCI LAW FIRM
Maria Costanza Barducci, Esq.        Print name: _____
Counsel for Plaintiff
5 West 19th Street, 10th Floor
New York, New York 10011             Title:

                                     _____


Date: _____          Date: _____


___/s/ Simon H. Rothkrug_____
Simon H. Rothkrug, Esq. (SR 6087)
ROTHKRUG  ROTHKRUG & SPECTOR, LLP
Attorneys for Defendant 1446 Fulton LLC
55 Watermill Lane, Suite 200
Great Neck, NY  11021
(516) 487-2252
simon@rrslawllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
CORNELIUS SAVAGE,

                                Plaintiff,               Case No:  18-cv-04687-ENV-SMG

                      v.

                                                  **SETTLEMENT AGREEMENT**

FULTON ALE HOUSE LLC, and
1446 FULTON LLC,

                                Defendants,
-------------------------------------------------------------------X

      **THIS  SETTLEMENT AGREEMENT** is by and between Plaintiff, Cornelius Savage ("Plaintiff"), and Defendants, Fulton Ale House LLC and 1446 Fulton LLC ("Defendants"), (collectively referred to as the "Parties").

      **IT IS HEREBY** agreed by and between the Parties as follows:

      **WHEREAS,** Plaintiff filed the action as captioned above against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("Title III" of the "ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36 App. A ("ADAAG"), in connection with the property located at 1446 Fulton St, Brooklyn, NY 11216 (the "Facility"). Pursuant to the above statutes, Plaintiff has sought injunctive relief, attorneys' and expert's fees, expenses and costs;

      **WHEREAS,** Defendants do not admit, and expressly deny, violation of any federal, state or local law, including the ADA and ADAAG, and any other wrongdoing or liability whatsoever;

      **WHEREAS,** the Parties have agreed to a settlement of this action as to all allegations in the Complaint, and all injunctive and monetary relief sought;

1

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regards to this action;

**WHEREAS,** it is the intent of the Parties to improve access to the Facility for persons with disabilities, as may be consistent with, and feasible under, the standards for accessible design contained in the ADA Accessibility Guidelines for Buildings and Facilities.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1.   **REPAIRS.** Defendant Fulton Ale House LLC shall maintain the following at the Facility within twelve (12) months as stated below:

    a.  Defendant shall install and maintain a portable/retractable ramp system, including posted signage and a ring, at the entrance to the establishment.

    b.  Defendant shall consult Brooklyn Center for Independence for the Disabled ("BICD") to determine whether increasing the maneuvering clearance at the entrance is recommended. If recommended, Defendant shall modify entrance door clearance if readily achievable.

    c.  Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

    d.  Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

2

e. Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

f. Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

g. Defendant shall install and maintain post signage identify the restroom in compliance with ADAAG §216 et seq.

h. Defendant shall consult BICD to determine if modification of the lavatory space in the restroom is recommended. If recommended, Defendant shall modify as recommended by BICD if it is readily achievable.

i. Defendant shall consult BICD to determine if modifying the height of the lavatory is recommended; if recommended, Defendant shall adjust its height if it is readily achievable.

j. Defendant shall adjust the height of the mirror in the restroom, including removing the vanity below the sink in compliance with ADAAG 603.3.

k. Defendant shall consult BICD to determine whether modifying the position of the water closet in the restroom is recommended.  If recommended, Defendant shall make readily achievable modifications as recommended by BICD.

l. Defendant shall consult BICD to determine whether modifying the location of the paper dispenser is recommended.  If recommended, Defendant shall adjust its location as recommended.

m. Defendant shall replace and maintain a door knob at restroom door with one complaint with ADAAG 404.2.7.

3

n. Defendant shall replace and maintain a door lock to the restroom in compliance with ADAAG 404.2.7.

2. **PAYMENT.** The amounts to be paid shall be established by separate binding agreement to be executed between the Plaintiff and Fulton Ale House LLC, which shall be a material part of Agreement, and enforceable thereas, and said amounts becoming due and payable pursuant to the terms of the Confidential Fee Agreement. The Parties agree that the sum of the attorneys' fees, litigation expenses, expert fees and costs shall be kept confidential by the Parties and if the Confidential Settlement Agreement has to be produced to anyone for whatever reason, the Parties agree that the sum shall remain confidential.

3. **RELEASE.** Plaintiff, his heirs, executors, administrators, successors, and assigns (collectively "Releasor"), knowingly and voluntarily releases and forever discharges Defendants, Defendants' parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, directors, officers, employees, agents, attorneys, insurers, lessors of and lessees and mortgagors and mortgagees at the Facility, and members of Fulton Ale House LLC (including but not limited to Diana King and Jim Grimason) (collectively "Releasees"), from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Settlement Agreement, including, without limitation, any and all claims pursuant to Title III of the ADA and the ADAAG, and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, regarding the Facility, including claims that were asserted and those that could have been asserted, in the above-captioned action in connection with the Facility.

4. **DISMISSAL.** Within five (5) business days after Plaintiff's counsel's receipt of

4

Payment. Plaintiff's counsel shall file a notice of dismissal with prejudice of this action.

     **5.  ENTIRETY AND SEVERABILITY**. This Settlement Agreement constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.  If any provision of this Settlement Agreement or any part of any provision of this Settlement Agreement is found to be invalid or unenforceable by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Settlement Agreement.

     **6.  UNDERSTANDING AND EXECUTION**. The Parties have read and understand this Settlement Agreement, have had the opportunity to discuss it with legal counsel, and have voluntarily signed it and agree to be bound by it.  Each person executing this Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to its terms.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.  A photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

     **7.  APPLICABLE LAW/JURISDICTION.** The United States District Court for the Eastern District of New York shall retain jurisdiction to resolve any dispute regarding the rights, duties, obligations, and any other matters arising from this Agreement including its enforcement, which shall be governed by and interpreted in accordance with the laws of the State of New York without reference to conflicts of laws principles.  The prevailing party in any subsequent enforcement proceeding shall be entitled to that party's fees, costs and reasonable litigation expenses.

**8.   NON-DISPARAGEMENT**. The parties will not discuss or publish, or comment on in the media, the provisions of this agreement or otherwise disparage each other.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** the undersigned hereunto execute this agreement.

6

**CORNELIUS SAVAGE**                                  **FULTON ALE HOUSE LLC**

By:_____                  By: _Diana King_ _____

BARDUCCI LAW FIRM                              Print name: _DIANA KING_, _JIM GRIMASON_
Maria Costanza Barducci, Esq.
Counsel for Plaintiff
5 West 19th Street, 10th Floor
New York, New York 10011                       Title:

                                               _PARTNERS_____

Date: _____                  Date: _11/30/2018_____


___/s/ Simon H. Rothkrug_____
Simon H. Rothkrug, Esq. (SR 6087)
ROTHKRUG  ROTHKRUG & SPECTOR, LLP
Attorneys for Defendant 1446 Fulton LLC
55 Watermill Lane, Suite 200
Great Neck, NY  11021
(516) 487-2252
simon@rrslawllp.com

Date_ NOV 30 2018_
State of New York County of _KINGS_
This instrument was affirmed this date
by_____

Shmuel Levine, Notary Public
My Commission

SHMUEL LEVINE
Notary Public, State of New York
No. 01LE4869693
Qualified in Kings County
Commission Expires Sept. 02, 20_22_

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X
CORNELIUS SAVAGE,

                           Plaintiff,             Case No:  18-cv-04687-ENV-SMG

                  v.

                                                  **SETTLEMENT AGREEMENT**

FULTON ALE HOUSE LLC, and
1446 FULTON LLC,

                           Defendants,
--------------------------------------------------------------X

      **THIS  SETTLEMENT AGREEMENT** is by and between Plaintiff, Cornelius Savage ("Plaintiff"), and Defendants, Fulton Ale House LLC and 1446 Fulton LLC ("Defendants"), (collectively referred to as the "Parties").

      **IT IS HEREBY** agreed by and between the Parties as follows:

      **WHEREAS,** Plaintiff filed the action as captioned above against Defendants for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("Title III" of the "ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Pt. 36 App. A ("ADAAG"), in connection with the property located at 1446 Fulton St, Brooklyn, NY 11216 (the "Facility"). Pursuant to the above statutes, Plaintiff has sought injunctive relief, attorneys' and expert's fees, expenses and costs;

      **WHEREAS,** Defendants do not admit, and expressly deny, violation of any federal, state or local law, including the ADA and ADAAG, and any other wrongdoing or liability whatsoever;

      **WHEREAS,** the Parties have agreed to a settlement of this action as to all allegations in the Complaint, and all injunctive and monetary relief sought;

1

**WHEREAS,** the Parties desire to avoid further expense, time, effort and uncertainty in regards to this action;

**WHEREAS,** it is the intent of the Parties to improve access to the Facility for persons with disabilities, as may be consistent with, and feasible under, the standards for accessible design contained in the ADA Accessibility Guidelines for Buildings and Facilities.

**NOW, THEREFORE,** in consideration of the premises and the mutual covenants and undertakings contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the Parties, the Parties agree to the following:

1.     **REPAIRS.** Defendant Fulton Ale House LLC shall maintain the following at the Facility within twelve (12) months as stated below:

    a.  Defendant shall install and maintain a portable/retractable ramp system, including posted signage and a ring, at the entrance to the establishment.

    b.  Defendant shall consult Brooklyn Center for Independence for the Disabled ("BICD") to determine whether increasing the maneuvering clearance at the entrance is recommended. If recommended, Defendant shall modify entrance door clearance if readily achievable.

    c.  Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

    d.  Defendant shall consult BICD to determine whether modifying the heights of the bar and the tables is recommended. If recommended, Defendant shall make modifications accordingly when it is readily achievable.

2

e.  Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

f.  Defendant has no right to occupy the exterior lounge area that is inaccessible by customers. Therefore, no remediation required.

g.  Defendant shall install and maintain post signage identify the restroom in compliance with ADAAG §216 et seq.

h.  Defendant shall consult BICD to determine if modification of the lavatory space in the restroom is recommended. If recommended, Defendant shall modify as recommended by BICD if it is readily achievable.

i.  Defendant shall consult BICD to determine if modifying the height of the lavatory is recommended; if recommended, Defendant shall adjust its height if it is readily achievable.

j.  Defendant shall adjust the height of the mirror in the restroom, including removing the vanity below the sink in compliance with ADAAG 603.3.

k.  Defendant shall consult BICD to determine whether modifying the position of the water closet in the restroom is recommended.  If recommended, Defendant shall make readily achievable modifications as recommended by BICD.

l.  Defendant shall consult BICD to determine whether modifying the location of the paper dispenser is recommended.  If recommended, Defendant shall adjust its location as recommended.

m. Defendant shall replace and maintain a door knob at restroom door with one complaint with ADAAG 404.2.7.

n. Defendant shall replace and maintain a door lock to the restroom in compliance with ADAAG 404.2.7.

2. **PAYMENT.**  The amounts to be paid shall be established by separate binding agreement to be executed between the Plaintiff and Fulton Ale House LLC, which shall be a material part of Agreement, and enforceable thereas, and said amounts becoming due and payable pursuant to the terms of the Confidential Fee Agreement. The Parties agree that the sum of the attorneys' fees, litigation expenses, expert fees and costs shall be kept confidential by the Parties and if the Confidential Settlement Agreement has to be produced to anyone for whatever reason, the Parties agree that the sum shall remain confidential.

3. **RELEASE.** Plaintiff, his heirs, executors, administrators, successors, and assigns (collectively "Releasor"), knowingly and voluntarily releases and forever discharges Defendants, Defendants' parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, directors, officers, employees, agents, attorneys, insurers, lessors of and lessees and mortgagors and mortgagees at the Facility, and members of Fulton Ale House LLC (including but not limited to Diana King and Jim Grimason) (collectively "Releasees"), from any and all claims, causes, damages, demands, liabilities, equities and any and all other claims, whether known or unknown, from the beginning of the world to the date of this Settlement Agreement, including, without limitation, any and all claims pursuant to Title III of the ADA and the ADAAG, and any other federal, state or local law governing physical access features for persons with disabilities at public accommodations, regarding the Facility, including claims that were asserted and those that could have been asserted, in the above-captioned action in connection with the Facility.

4. **DISMISSAL.** Within five (5) business days after Plaintiff's counsel's receipt of

Payment. Plaintiff's counsel shall file a notice of dismissal with prejudice of this action.

     **5.  ENTIRETY AND SEVERABILITY**. This Settlement Agreement constitutes the entire understanding and agreement of the Parties and supersedes all prior or contemporaneous negotiations or agreements (written or oral) and cannot be modified, amended or revoked except by the express written consent of all Parties.  If any provision of this Settlement Agreement or any part of any provision of this Settlement Agreement is found to be invalid or unenforceable by a court of competent jurisdiction, such shall not affect the validity of any other provision(s) or part(s) of this Settlement Agreement.

     **6.  UNDERSTANDING AND EXECUTION**. The Parties have read and understand this Settlement Agreement, have had the opportunity to discuss it with legal counsel, and have voluntarily signed it and agree to be bound by it.  Each person executing this Settlement Agreement on each party's behalf has been duly authorized to sign on behalf of the respective party and to bind each to its terms.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original but all of which together shall constitute but one and the same instrument.  A photocopy, facsimile copy or scanned copy of an executed signature may be used in place of an original executed signature for any purpose.

     **7.  APPLICABLE LAW/JURISDICTION**. The United States District Court for the Eastern District of New York shall retain jurisdiction to resolve any dispute regarding the rights, duties, obligations, and any other matters arising from this Agreement including its enforcement, which shall be governed by and interpreted in accordance with the laws of the State of New York without reference to conflicts of laws principles.  The prevailing party in any subsequent enforcement proceeding shall be entitled to that party's fees, costs and reasonable litigation expenses.

**8. NON-DISPARAGEMENT**. The parties will not discuss or publish, or comment on in the media, the provisions of this agreement or otherwise disparage each other.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** the undersigned hereunto execute this agreement.

6

**CORNELIUS SAVAGE**                    **FULTON ALE HOUSE LLC**


By:_____              By:  _____
BARDUCCI LAW FIRM
Maria Costanza Barducci, Esq.           Print name: _____
Counsel for Plaintiff
5 West 19th Street, 10th Floor          Title:
New York, New York 10011
                                        _____


Date:  _____                 Date:  _____


_____/s/ Simon H. Rothkrug
Simon H. Rothkrug, Esq. (SR 6087)
ROTHKRUG ROTHKRUG & SPECTOR, LLP
Attorneys for Defendant 1446 Fulton LLC
55 Watermill Lane, Suite 200
Great Neck, NY 11021
(516) 487-2252
simon@rrslawllp.com


7